J-S56026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH SIRIANNI | |
| Appellant | No. 3382 EDA 2016 |

Appeal from the Judgment of Sentence October 20, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0000914-2016

BEFORE:  BOWES, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 30, 2017**

Appellant, Joseph Sirianni, appeals from the October 20, 2016 judgment of sentence entered in the Court of Common Pleas of Montgomery County ("trial court") sentencing him to one year of probation for possession of drug paraphernalia and one year of concurrent probation for possession of a controlled substance.[1]  Appellant challenges the denial of his motion to suppress.  Upon review, we affirm.

The trial court made the following factual findings.

On the morning of November 20, 2015 at approximately 2:20 AM Officer Michael Choiniere of the Norristown Police Department was on duty in a marked patrol car.  He was patrolling in an area of Norristown, Montgomery County, Pa. which he knew

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 Pa.C.S.A. §§ 780-113(A)(32) and (16) respectively.

very well. The patrol car was equipped with an operable dash-cam video, which recorded the entire incident.

While the officer was driving down Lafayette Street, he turned his head to the right and observed the vehicle of [Appellant], as it sat parked, with its lights on, in the middle of the block of Jamison Alley. At approximately 2:22 AM, the officer drove his vehicle south on Hawes Street and west on Washington Street and approached Jamison Alley from the rear of where [Appellant's] vehicle was situated. The officer turned off the headlights of the patrol car and entered Jamison Alley and pulled his patrol car up behind [Appellant's] vehicle. The officer turned the headlights off so as to not spook the vehicle, in case there were people around it, and for purposes of his own safety.[FN2] Jamison Alley allows for driving in both directions. There are wide spots in the alley where a car could get through if necessary. At this time, the vehicle of [Appellant] was still impeding the alleyway. After the officer approached, the vehicle of [Appellant] pulled over to the left side of Jamison Alley so that it was no longer obscuring the roadway.

[FN2: The officer further testified that the area was a "high crime area."]

The officer then did a license plate check on [Appellant's] vehicle. He was able to determine that [Appellant's] car was registered in Lansdale, Pennsylvania. Police Officer Choiniere articulated his reasons for conducting the stop of [Appellant's] vehicle included that: it was an out of state, or out of town tag; that the vehicle was situated in a high crime, high drug area at 2:22 AM in the morning; sitting parked in the middle of the alley; occupied with its light on. Based on the aforementioned factors, the officer activated his overhead lights and got out of his car and approached the vehicle of [Appellant].

When Officer Choiniere made contact with [Appellant], he produced a valid Pennsylvania identification card. The officer ran a check on [Appellant] and learned of an outstanding fines and costs warrant. [Appellant] was taken into custody and was searched incident to that arrest. [Appellant] did not raise any issue with regard to the validity of his arrest on the fines and costs warrant. [Appellant] does not raise any issue with regard to the seizure of evidence from his pocket being a search incident to a lawful arrest. The officer recovered a clear plastic bag in [Appellant's] right front pants pocket which contained a white

crystal like substance. The substance was field tested on the scene by the officer and it was determined to be methamphetamine.

Trial Court Opinion, 12/28/16, at 4-6 (footnotes omitted).

Following these events, Appellant was charged with possession of a controlled substance and possession of drug paraphernalia. On May 4, 2016, Appellant filed an omnibus pre-trial motion, which included a motion to suppress based on an illegal stop. Appellant filed a supplemental motion to suppress on October 5, 2016, seeking to suppress the physical evidence seized after the stop as fruit of the poisonous tree. The trial court held a hearing on Appellant's motion to suppress on October 20, 2016. At the conclusion of the hearing, the trial court denied Appellant's motion. Appellant agreed to waive his right to a jury trial and a bench trial proceeded immediately thereafter. At the conclusion of the bench trial, the trial court found Appellant guilty and sentenced Appellant to one year of probation. Appellant filed a timely notice of appeal on October 31, 2016. On November 1, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal. Following an extension, Appellant filed his concise statement on December 5, 2016. The trial court issued a Pa.R.A.P. 1925(a) opinion on December 28, 2016.

Appellant raises one question for our review.

I. Whether the trial court committed an error of law and/or abused its discretion in denying Appellant's motion to suppress the stop of Appellant Sirianni and the subsequent poisoned fruit thereof where police did not possess reasonable suspicion to conduct the stop.

Appellant's Brief at 7.

Our standard of review for the denial of a suppression motion is well established.

> [The] standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing such a ruling by the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record…. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if legal conclusions drawn therefrom are in error.

*Commonwealth v. Bush*, 166 A.3d 1278, 1282 (Pa. Super. 2017) (quoting *Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007)). Moreover, when reviewing a traffic stop, we must determine whether an officer had reasonable suspicion. "Traffic stops based on reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of [75 Pa.C.S.A. § 6308(b)][2] must serve a stated investigatory purpose. *Id.*

_____

[2] Section 6308(b) provides:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure other such information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

(quoting ***Commonwealth v. Feczko***, 10 A.3d 1285, 1291 (Pa. Super. 2010)

(*en banc*) (citation omitted)).

> In order to determine whether the police had a reasonable
> suspicion to subject an individual to an investigative detention,
> the totality of the factual circumstances which existed at the time
> of the investigative detention must be considered.  "Among the
> factors to be considered in establishing a basis for reasonable
> suspicion are tips, the reliability of the informants, time, location,
> and suspicious activity, including flight."

***Commonwealth v. Morrison***, 166 A.3d 357, 364-65 (Pa. Super. 2017)

(citing ***Commonwealth v. Ayala***, 791 A.2d 1202, 1208 (Pa. Super. 2002)).

However, for certain motor vehicle code violations, the officer must have

probable cause for a stop.  ***See Commonwealth v. Salter***, 121 A.3d 987,

993 (Pa. Super. 2015).

> If it is not necessary to stop the vehicle to establish that a violation
> of the Vehicle Code has occurred, an officer must possess probable
> cause to stop the vehicle.  Where a violation is suspected, but a
> stop is necessary to further investigate whether a violation has
> occurred, an officer need only possess reasonable suspicion to
> make a stop.

***Id.***  In the matter *sub judice*, we do not need to determine whether the motor

vehicle violation requires reasonable suspicion or probable cause because we

conclude that the officer had probable cause to stop Appellant's vehicle.  The

motor vehicle violation was a violation of a parking regulation, which provides

that

> **(a) Two-way highways.--**Except as otherwise provided in this
> section, every vehicle standing or parked upon a two-way
> highway shall be positioned parallel to and with the right-
> hand wheels within 12 inches of the right-hand curb or, in

the absence of a curb, as close as practicable to the right edge of the right-hand shoulder.

**(b)** **One-way highways.--**Except as otherwise provided in this section, every vehicle standing or parked upon a one-way highway shall be positioned parallel to the curb or edge of the highway in the direction of authorized traffic movement with its right-hand wheels within 12 inches of the right-hand curb or, in the absence of a curb, as close as practicable to the right edge of the right-hand shoulder, or with its left-hand wheels within 12 inches of the left-hand curb or, in the absence of a curb, as close as practicable to the left edge of the left-hand shoulder.

75 Pa.C.S.A. § 3354. The motor vehicle code further defines highway as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purpose of vehicular travel." 75 Pa.C.S.A. § 102. Further, standing is defined as "the halting of a vehicle, whether occupied or not, except momentarily for the purpose of and while actually engaged in receiving or discharging passengers." *Id.*

The record shows that Appellant's vehicle was standing in the middle of a roadway, nowhere near the shoulder, and impeding the passage of traffic when Officer Choiniere approached the vehicle. This is further evidenced by the fact that Appellant was able to pull over after Officer Choinere approached. Thus, the officer had probable cause to stop Appellant for a violation of 75 Pa.C.S.A. § 3354. Because the officer had probable cause to effectuate the stop, the trial court correctly denied Appellant's motion to suppress. Therefore, we do not need to address Appellant's claim that the officer did not possess reasonable suspicion for the stop.

Judgment of sentence affirmed.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017